1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

MAY - 3 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL EDWARD NERSOYAN,

Defendant.

Case No.  17-988M

ORDER OF DETENTION

## I.

On May 3, 2017, Defendant made his initial appearance in this district on the criminal complaint filed in this matter. Defendant was represented by retained attorney Steven Seiden. The Court conducted a detention hearing.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)]. At this time, Defendant submits on the recommendation of detention.

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ criminal history includes history of outstanding warrants and failures to appear

☒ Defendant's admitted drug use and addiction to heroin and previous addiction to cocaine

☒ Failures to appear on pending DMV matters

☒ Unrebutted Presumption.

As to danger to the community:

☒ Allegations in present charging document - which occurred while Defendant was on bond for firearms violations - include drug distribution and possession of large arsenal of firearms; some of defendant's prior convictions include a firearm restriction

☒ Extensive criminal history includes felony convictions for narcotics, fraud and firearms.

☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any

attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: May 3, 2017

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE